UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BROOKFIELD GLOBAL RELOCATION SERVICES, LLC, | ) ) ) | Case No. 4:15 CV 2029 |
| Plaintiff, | ) ) | |
| vs. | ) ) | JUDGE JOHN R. ADAMS |
| CLIFFORD BURNLEY, et al., | ) ) ) | |
| Defendants. | ) ) | **MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court on Defendants Clifford and Christine Burnley's ("the Burnley Defendants") Motion to Dismiss (Doc. # 9). Defendants seek dismissal on multiple grounds: lack of subject matter jurisdiction; lack of personal jurisdiction; improper venue; the doctrine of *forum non conveniens*; and failure to state a claim on which relief can be granted. For the reasons stated herein, the motion is DENIED.

**I.    Facts**

Defendants do not dispute the basic facts reflected in the Complaint. Defendant Clifford Burnley ("Mr. Burnley") was employed by a company that in November of 2014 obtained Plaintiff, Brookfield Relocation Services, Inc. ("Brookfield"), to manage his relocation outside of Ohio. At the time the Burnley Defendants were Ohio residents who owned real property, located at 149 Fairway Court, Norwalk, Ohio. Brookfield and the Burnley Defendants entered into a sales agreement. In preparation to enter this agreement Brookfield obtained a November 2014 title report and title insurance commitment. The November 2014 title report reflected a single lien on the property, a mortgage held by Wells Fargo. Pursuant to the agreement, the

Burnleys transferred their entire interest in the Ohio property to Brookfield on or about January 11, 2015. In exchange, on March 9, 2015 Brookfield issued $234,240.25 to satisfy the balance remaining on the Wells Fargo Mortgage. Brookfield also paid $1,801.15 in county taxes and $1,775.00 for repairs on the property. Brookfield then listed the property for sale and accepted a third-party offer in late March 2015.

After having accepted the offer, Brookfield received an updated title report which listed a judgment lien against the property, which was filed on January 27, 2015, in the amount of $89,948.18, plus interest. The judgment lien was issued by the Huron County Common Pleas Court in the matter of *CadleRock Joint Venture, LP v. Clifford Burnley*, Case No. CVH 2013 914; the court granted summary judgment to Defendant CadleRock Joint Venture, LP ("CadleRock") on December 22, 2014. Mr. Burnley has appealed the judgment, according to the information provided by the parties to this Court, the appeal remains pending, and the underlying judgment has not been stayed. Pursuant to their contract of sale Brookfield informed the Burnley Defendants of the defect in title and requested that they clear it within thirty (30) days. The Burnley Defendants did not do so. To date, so far as the parties have informed the Court, the lien remains in place.

At some point after November 2014, Mr. and Mrs. Burnely relocated to Florida; they state that at this time they are Florida residents. The instant suit was filed by Brookfield pursuant to this Court's jurisdiction under 28 U.S.C. § 1332 to hear suits involving citizens of different States when the amount in controversy exceeds $75,000. Brookfield is a Delaware limited liability company whose principal place of business is alleged to be Burr Ridge, Illinois. CadleRock is an Ohio limited partnership whose principal place of business is alleged to be in Trumbull County, Ohio. Brookfield alleges that venue is proper in the Northern District of Ohio

as the real property involved is located in this District; the conduct resulting in facts alleged occurred in this District; and the CadleRock Defendant is based in this District. Brookfield seeks various forms of relief including performance under the contract: damages for unjust enrichment and fraud; and equitable subrogation. The Burnley Defendants seek dismissal of Brookfield's claims under multiple theories with the same factual bases: they are now residents of Florida and the judgment resulting in the lien is subject to appeal.

## II. Law and Analysis

### (a) Subject Matter Jurisdiction

The instant suit invokes this Court's jurisdiction under 28 U.S.C. § 1332, which provides "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332 (a)(1). Mr. and Mrs. Burnley do not dispute that the parties are citizens of different States. The Burnley Defendants contend, as their sole challenge to this Court's subject matter jurisdiction, that the amount in controversy requirement has not been met because Mr. Burnley's appeal of the judgment underlying the lien is still pending. The Burnley Defendants do not dispute that the lien encumbered the property when the instant Complaint was filed or that the amount of the lien is $89,948.18, plus interest. "In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990), citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S.Ct. 586, 590 (1938). When determining whether the amount in controversy has been satisfied, this Court examines the complaint at the time it was filed. *Id.*

3

In this matter there is no meaningful dispute as to the amount in controversy. The lien on the property more than satisfies the statutory threshold without reference to Brookfield's additional damage claims. Under Ohio law, the fact that the judgment that resulted in the lien has been appealed does not alter the legal certainty of the operation of the lien at the time the complaint was filed. O.R.C. § 2701.19 ("When the party against whom a judgment is rendered appeals his cause, the lien of the opposite party on the real estate of the appellant that was created by judgment, shall not be removed or vacated. The real estate shall be bound in the same manner as if the appeal had not been taken until final determination of the cause.")  Defendants' challenge to this Court's subject matter jurisdiction is meritless.

**(b) Personal Jurisdiction**

This Court follows "state law in determining the bounds of [its] jurisdiction over persons." *Daimler AG v. Bauman*, 134 S.Ct. 746, 753, 187 L.Ed.2d 624 (2014) (citing Fed. Rule Civ. Proc. 4(k)(1)(A)). Ohio's jurisdictional "long-arm" statute is "not coterminous with federal constitutional limits. Thus, 'to establish a prima facie case of personal jurisdiction, a plaintiff must demonstrate that (1) Ohio's long-arm statute has been satisfied and (2) exercising jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment. *Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir.2012) (quoting *Estate of Thompson*, 545 F.3d at 361)); Under Ohio law, "a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 717–18.  Ohio's long-arm statute provides:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> > (1) Transacting any business in this state;
>
> . . .

4

>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state;
>
> . . .
>
> (8) Having an interest in, using, or possessing real property in this state;
>
> (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> . . .
>
> (C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

O. R. C. § 2307.382.  The Burnley Defendants do not dispute their ownership of real property in Ohio; they do not dispute that they entered a contract with Brookfield and conveyed the real property to Brookfield; nor do they dispute that they have failed to clear a defect in the title to the real property. Accordingly, this Court, at a minimum, has personal jurisdiction over Defendants under part (8) of O.R.C. § 2307.382.

Having established an enumerated basis of personal jurisdiction under Ohio's long-arm statute, this Court must consider whether an exercise of jurisdiction in this instance satisfies the requirements of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. *CompuServe v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  The Due Process Clause requires "that the defendant have sufficient 'minimum contacts' with the forum state so that finding personal jurisdiction does not 'offend traditional notions of fair play and substantial justice.'" *Conn*, *supra,* at 712.  The Federal Due Process inquiry addresses two types of personal jurisdiction: "(1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Id.* at 712-713.  This matter addresses specific jurisdiction insofar as the suit arises from Defendants' dealings with Ohio real property. A

finding of specific jurisdiction in this instance satisfies all three elements of inquiry into jurisdiction identified by the Sixth Circuit:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 713. In this instance Plaintiff alleges that Defendants owned Ohio real property; they contracted to sell that real property to Plaintiff; and then breached that contract of sale by failing to clear a defect in the title to the property created by the judgment lien issued by an Ohio court for acts or omissions that occurred in Ohio. Defendants do not meaningfully challenge any of the facts alleged, but instead contend that the fact that they have relocated from Ohio to Florida extinguishes this Court's jurisdiction. Defendants' argument has no basis in law. The State and Federal law establishing long arm jurisdiction exists specifically to prevent individuals or entities from escaping liability by simply denying a relationship to the forum or leaving the forum in which the harm occurred. O.R.C. § 2307.382; *International Shoe Co. v. State of Wash.*, 326 U.S. 310; 66 S.Ct. 154 (1945). Defendants' challenge to this Court's personal jurisdiction is meritless.

### (c) Venue

Defendants contend that venue in the Northern District of Ohio is improper because they are residents of Florida. Defendants also restate their argument concerning the amount in controversy, which is not relevant to venue. Venue in federal district courts is governed generally by 28 U.S.C. §1391, which provides:

> **(b) Venue in general.** - - A civil action may be brought in - -
> . . .

> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated;

Venue within the Northern District of Ohio is governed specifically by Local Rule 3.8 which divides the district into Eastern and Western Divisions, and allows "all actions brought against a resident of a county within the Eastern Divisions" to be filed "at any of the offices within the Eastern Division." Local Rule 3.8 (a) and (b). This Court is situated in the Eastern Division; CadleRock, LP, the Ohio-resident Defendant, is alleged to be based in Trumbull County, which is situated in the Eastern Division of the Northern District of Ohio. The real property conveyed by the Defendants Burnley is located in the Northern District, as is the court that issued the judgment and lien against the property. Venue is therefore proper in the Northern District of Ohio.

### (d) *Forum Non Conveniens*

As an alternative to their jurisdiction and venue arguments, the Burnley Defendants, seek to "invoke the doctrine of *forum non conveniens*" because they are Florida residents. Defendants state that continuing the matter in Ohio would present an "undue burden" on their resources. The Burnley Defendants request that this Court dismiss this matter under the doctrine, and instruct Plaintiff to refile in Florida.

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). "Courts of equity and of law" may "occasionally decline, in the interest of justice, to exercise jurisdiction, where the suit is between aliens or nonresidents, or where for kindred reasons the litigation can more appropriately be conducted in a foreign tribunal." *Gilbert, supra* at 504. "The doctrine presupposes the availability of at least

two forums in which the defendant may be sued; the defendant seeking a *forum non conveniens* dismissal must identify an alternative forum." *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). Although the doctrine was previously, as in *Gilbert*, applied to assess the relative appropriateness of alternate federal judicial districts, the doctrine is no longer applied to domestic venue disputes:

> *Gilbert* held that it was permissible to dismiss an action brought in a District Court in New York by a Virginia plaintiff against a defendant doing business in Virginia for a fire that occurred in Virginia. Such a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C § 1404(a): 'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.' . . . As a consequence, the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad.

*American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1992). Accordingly, *forum non conveniens* has no application in this matter. As stated above, venue is proper in the Northern District of Ohio.

**(e) Failure to State a Claim**

Finally, the Burnley Defendants contend that Brookfield has failed to state a claim on which relief can be granted by restating their argument that Brookfield has suffered no actual harm because the lien has not been executed. For the purposes of dismissal under Fed. R. Civ. P. 12(b)(6) a plaintiff fails to state a claim upon which relief can be granted, where, accepting "all of the factual allegations as true," the plaintiff "undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Riverview Health Institute, LLC, v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). "[A] motion for dismissal pursuant to Rule 12(b)(6) will be granted if the facts alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Id.* In this instance, Brookfield has pled, and the Burnley Defendants do not dispute, that it agreed to purchase the subject

8

property believing it to be subject to no title encumbrance other than the mortgage. Acting under this belief, and a contract that required the Burnleys to clear any defect, Brookfield paid $236,240.25 to obtain clear title to the property and list it for sale. Brookfield then learned it did not have clear title to the property due to the judgment lien, and pursuant to the purchase contract, requested that the Burnleys clear the lien. To date the Burnleys have not done so. Under Ohio law the lien remains in force. Brookfield cannot pass clear title to the property. The facts alleged in this complaint clearly state multiple causes of action based on the undisputed existence and breach of a contract. Nothing argued by the Burnley Defendants changes these basic facts. The issues of actual damage and contributory negligence do not alter the adequacy of Brookfield's claims as pled. Brookfield has stated a claim on which relief can be granted, dismissal under Fed. R. Civ. P. 12(b)(6) is not merited.

### III. Conclusion

For the reasons stated above, the Burnley Defendants' Motion to Dismiss IS DENIED in its entirety.

**IT IS SO ORDERED**.

    */s/ John R. Adams*
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: February 8, 2016